IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN DALLAS LYNCH, #214178, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-cv-774-WHA |
| | ) | |
| WILLIE THOMAS, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #29) and the Petitioner's objections thereto (Doc. #30). After conducting an independent evaluation and *de novo* review of the Recommendation, the objections, and the file in this case, the court finds the objections to be without merit.

Initially, Lynch objects to the findings in the Recommendation that his claims of ineffective assistance of counsel lacked merit. In his petition, Lynch alleged that: "Trial counsel provided ineffective assistance when: (i) Counsel failed to object to the venire not being administered the qualifying oath before they were subjected to voir dire 'to be selected as petite jurors' in his case. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 8. '[E]ven though his petit jury was properly sworn, [Petitioner] is entitled to have his conviction set aside because the venire was not properly sworn before the voir dire examination [for his case] began.' *Id*. at 24; and (ii) Counsel failed to object to the District Attorney charging him with first degree robbery, second degree theft of property and attempted murder (for which he was convicted of the lesser included offense of reckless endangerment) via a deficient indictment thereby depriving the trial court of

1

subject matter jurisdiction as the indictment lacks sufficient facts describing the offenses.... Appellate counsel provided ineffective assistance 'in failing to allege trial counsel's ineffectiveness in ... regard [to lack of an objection to the trial court's failure to swear the venire].' *Id*." *Recommendation - Doc. No. 29* at 39.

With respect to the alleged lack of a qualifying oath to the venire, the Magistrate Judge determined that Lynch failed to establish any prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Recommendation - Doc. No. 29* at 53-56.

In his objection, Lynch argues the state court record demonstrates that the venire present for his trial was not provided a qualifying oath immediately prior to voir dire and that he showed prejudice because he was "tried by a petit jury that wasn't properly qualified to answer the voir dire questions truthfully." *Objections - Doc. No. 30* at 7. Lynch merely alleges that the venire seated for his trial was not properly sworn immediately prior to voir dire to answer truthfully. He does not allege or show that any member of the venire actually provided false information or that any member of the petit jury, which was administered the oath prior to the beginning of Lynch's trial, provided false information during the qualification process or that the outcome of his trial would have been different had some other juror been on the petit jury. Thus, he has not established the prejudice element of *Strickland* with respect to this claim of ineffective assistance of trial counsel.

As to the related claim of ineffective assistance of appellate counsel, the Magistrate Judge determined "that because trial counsel was not ineffective with respect to this claim as no prejudice resulted to Lynch, the related claim of ineffective assistance of appellate counsel likewise entitles him to no relief. *Payne [v. Allen]*, 539 F.3d [1297] at 1314-1315 [(11th Cir. 2008)] (where underlying claim of ineffective assistance of trial counsel is not meritorious,

independent claim of ineffective assistance of appellate counsel provides no basis for habeas relief)." *Recommendation - Doc. No. 29* at 56.  In his objections, Lynch merely asserts that his claim of ineffective assistance of trial counsel is meritorious, therefore this court erred in denying him relief on his claim of ineffective assistance of appellate counsel.  However, as is clear from the disposition of the claim of ineffective assistance of trial counsel, this assertion is without merit.

In addressing the claims of ineffective assistance of trial and appellate counsel, the Magistrate Judge determined that the state courts properly adjudicated these claims on the merits and, therefore, Lynch was not entitled to federal habeas relief.  *Recommendation - Doc. No. 29* at 55-56.  Lynch objects to this determination and argues that the state court "unreasonably applie[d]" federal law to his claims.  However, this assertion is refuted by the findings set forth in the Recommendation, with which this court agrees.

Next, Lynch objects to the finding "that [he] challenged the 'Sufficiency of the Indictment' as a claim of 'ineffective assistance'" when he asserted "that his counsel was ineffective for failing to object to Chambers County D.A. office illegally accusing him of committing robbery 1st degree and theft of property, 2nd degree and attempted murder (found guilty of Reckless endangerment)" absent sufficient facts in the indictment describing each offense as required by state law.  *Objections - Doc. No. 30* at 10.  Despite the assertions presented by Lynch, it is clear that his claim addresses the sufficiency of the indictment and was properly addressed by the Magistrate Judge in the Recommendation.

In his petition, Lynch presented the following claim:

The "Accusation Against the Petitioner Which is the Indictment" is deficient and deprived the trial court of subject matter jurisdiction due to a lack of sufficient facts set forth therein.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 17.  Specifically, "[t]he indictment is devoid of when; where and how the petitioner['s] alleged conduct

3

toward the victim Douglas Edmondson [constituted first degree robbery, second degree theft of property or attempted murder/reckless endangerment.  Except for] identification of the petitioner's name the indictment does nothing more than recite the [applicable] statute." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 26.  "The petitioner does not concern himself with missing elements of the offense.  Rather the absence of the facts that ... constitute the commission of the offense." *Id.* at 27.  "[Since] the indictment is devoid of facts constituting the offense, ... the trial court lacked subject matter jurisdiction to try the petitioner and render judgment or sentence upon the petitioner...." *Id*. at 28.

In support of his objection, Lynch asserts that this is not a claim addressing the sufficiency of the indictment but, rather, whether the district attorney had the legal authority to utilize the indictment as a charging instrument because "'it is mandatory [under state law] that the facts constituting the offense are stated in the indictment in order to lawfully accuse him of committing a crime.  Therefore, the 'Chambers County D.A. Office had no jurisdiction whatsoever to bound the Circuit Court to conduct a trial' because 'the prosecutor was statutorily and constitutionally unauthorized to appear before the trial court and accuse the Petitioner of committing an offense based on its illegal drawn indictment.'" *Objections - Doc. No. 30* at 13.  The distinction alleged by Lynch is a distinction without a difference, as the claims set forth in the habeas petition clearly attack the sufficiency of the indictment as a charging instrument.  Consequently, these objections provide no basis for relief from the findings in the Recommendation.  In addition, contrary to the assertion made by Lynch, the court did not "alter" or "re-characterize" his claims addressing the validity of the indictment, *Id.* at 14, and went to great lengths to set forth his claims precisely as presented in his habeas petition by quoting extensively from the petition.  As explained in the Recommendation, this "court's review of a claim attacking the sufficiency of an indictment is limited to considering the adequacy of the notice afforded a petitioner through the state procedures.  The Due Process Clause of the Fourteenth Amendment merely requires that whatever charging method the State chooses to

employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *Jackson v. Virginia,* 443 U.S. 307, 314 (1979); *Faretta v. California,* 422 U.S. 806, 818 (1975)." The court agrees with the Magistrate Judge that the indictment in this case provided Lynch adequate notice of each charged offense. Thus, any challenge to the validity of an indictment, whether it is one based on a violation of state law or infringement of the United States Constitution, entitles Lynch to no relief from this court.

Finally, Lynch states that he objects to the findings of this court that: (1) The indictment was sufficient; (2) Counsel did not provide ineffective assistance for failing to challenge the sufficiency/validity of the indictment; (3) The State's failure to provide Petitioner a copy of its initial response to the Rule 32 petition provides no basis for federal habeas relief; (4) No evidentiary hearing is required under Rule 8(a) of the Federal Rules of Civil Procedure on his habeas petition; and (5) It was inappropriate to bypass the procedural default argument and address the merits of his jurisdiction claim. These "objections" in no way undermine the disposition of these claims contained in the Recommendation.

Therefore, it is hereby ORDERED as follows:

1. Petitioner's objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for habeas corpus relief is DENIED.

4. This case is DISMISSED with prejudice.

DONE this 24th day of September, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE